STONE, Judge.
We affirm appellant’s conviction and sentence for second degree murder. The evidence was circumstantial. Byrd lived with the victim and her children. The last time Mary James was seen alive, on a Friday night two days before the discovery of her body, the appellant and the victim argued and the appellant ordered their three visitors to leave. The victim asked their friends not to go and indicated that she wanted to leave with them. When last seen, the appellant was restraining the victim by holding her around the neck. When one of the guests returned briefly he was still holding her. The defendant later spent the early morning hours at a friend’s house.
At 10:00 a.m. Saturday morning, the victim’s daughter and sister tried to see her and were told by Byrd that she was sleeping. The bedroom door was locked. They knocked on the bedroom door and window. Through the window they could see a *234 lumped bedspread on the bed. At noon the daughter returned and was told by appellant that the victim was still sleeping. At 1:30 p.m. she came back again and he told her that her mother had gone to the store with a person named “Judy,” who was otherwise unidentifiable in the investigation. The next door neighbor did not see the victim at all on Saturday and considered it unusual as she did see the victim’s young child.
On Sunday morning Byrd told the daughter that her mother had returned from shopping on Saturday, then left again and had not returned home Saturday night. The defendant told an inconsistent story to a friend that he visited Saturday night asking for money. He told the friend that the victim was home with a sick child. He also told another witness on Sunday morning that the victim was at home. On Sunday morning Mary James was found, strangled, in the bedroom closet wrapped in the bedspread. There was no evidence of forced entry.
The defendant did not return home Sunday and when approached by police at a party told them that the person they were seeking, identified as “Charlie” Byrd, was not there. He also asked a friend, on Sunday, for money needed to get out of town. Moreover, there were scratch marks observed on the defendant’s arms.
Additionally, several weeks earlier the appellant had swung a baseball bat at the victim. On the Wednesday before her murder formal charges were brought against Byrd for aggravated battery, and on Friday, the day she was last seen, the appellant was arraigned on that charge. There was also evidence of a previous strangling incident.
The appellant argues that this evidence was insufficient to exclude a reasonable hypothesis of innocence. Although Byrd did not testify, his attorney theorized that the victim was killed by someone she had been with on Saturday night.
We conclude that, taking the evidence in a light most favorable to the state, there was competent evidence inconsistent with the appellant’s theory. It was for the jury to resolve whether the evidence failed to exclude all reasonable hypotheses of innocence and the reasonableness of appellant’s theory of events. E.g., State v. Law, 559 So.2d 187 (Fla.1989); Smith v. State, 568 So.2d 965 (Fla. 1st DCA 1990); Bradford v. State, 460 So.2d 926 (Fla. 2d DCA 1984), rev. denied, 467 So.2d 999 (Fla.1985).
With respect to the other issues raised we find no error or abuse of discretion. The judgment and sentence are affirmed.
GLICKSTEIN and WARNER, JJ., concur.